35285.   CARTER *v.* THE STATE.

CARLISLE, J.   1.   To sustain a conviction under an indictment, drawn under the provisions of Code § 67-9901, for disposing of a stock of whisky on which a bill of sale to secure debt had been given, the evidence must show that the defendant sold or otherwise disposed of the property after having made and delivered a bill of sale to secure debt thereon, and that (1) the sale was without the consent of the person holding the bill of sale to secure debt, (2) was with the intent to defraud the person holding the bill of sale to secure debt, and (3) that the holder of the bill of sale to secure debt suffered loss thereby. *Wallace* v. *State*, 55 *Ga. App.* 872 (192 S. E. 81), and citations.

2. Where, by the terms of the bill of sale to secure debt, which was introduced in evidence on the trial of a defendant under such an indictment as indicated above, it is provided: "It is expressly understood that any whisky sold must be replaced in kind or the revenue from the sale thereof placed in position for payment on the note which this instrument secures," the fact that the defendant sold the stock of whisky to another liquor dealer, but failed to apply the proceeds from such sale toward the payment of the bill of sale to secure debt and such failure to so apply the proceeds resulted in a loss to the holder of the bill of sale to secure debt, will not authorize the defendant's conviction under Code § 67-9901. This is for the reason that the holder of the bill of sale to secure debt has expressly agreed and consented in the bill of sale itself that the defendant might sell the whisky on condition that "the revenue from the sale thereof [must be] placed in position for payment on the note which this instrument secures," and while it may be the evidence shows a failure to comply with the condition of the contract, such failure will not render criminal a sale of the property made under such permission. In other words, the first of the elements of the crime charged, as enumerated in division 1 of this opinion, is lacking and the proof does not establish the crime charged. *Dempsey* v. *State,* 94 *Ga.* 766 (22 S. E. 57); *Wallace* v. *State,* supra.

3. Consequent upon the ruling made in division 2, the case must be remanded for another trial, and, therefore, the other alleged errors contained in the motion for a new trial, which are not likely to recur on that trial, are not considered.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

Decided July 15, 1954.

*Buford E. Hancock, H. T. O'Neal, Jr., E. W. Maynard,* for plaintiff in error.

*H. R. Thompson, Solicitor, Price, Spivey & Carlton,* contra.